UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUIANA BELL,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>　　　　　Defendant. | Case No. CV 12-02133 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Quiana Bell ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected her credibility. (Joint Stip. at 4-16, 20-21.) The Court agrees with Plaintiff.

A. <u>The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting Plaintiff's Credibility</u>

An ALJ may reject a claimant's credibility "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton*

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

*v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ provided one reason in support if his credibility determination. The Court rejects it below.

The ALJ rejected Plaintiff's credibility because her testimony of extreme pain is not supported by objective medical evidence. (Administrative Record ("AR") at 30.) The results of *objective* medical tests, however, speak little about a Plaintiff's *subjective* pain. See *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (noting "the inability of medical science to objectively verify the extent of pain experienced by an individual"). As such, the Commissioner "may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); see *Bunnell*, 947 F.2d at 345; 20 C.F.R. § 404.1529(c)(2). Here, the ALJ discredited Plaintiff's testimony as to the severity of her symptoms based *solely* on a lack of objective findings. Accordingly, the ALJ's credibility determination fails.

Defendant argues that "the ALJ properly weighed inconsistencies with Plaintiff's daily activities of daily living" in assessing her credibility." (Joint Stip. at 20.) However, the Court's review is limited to the reasons *actually cited* by the ALJ in his decision. See *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ( it is "error for the district court to affirm the ALJ's . . . decision based on evidence that the ALJ did not discuss") (citations omitted). Here, the ALJ did not suggest that Plaintiff's limited daily activities undermined her credibility. As such, the Court cannot make such a finding.

### B. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, there are outstanding issues which must be resolved before a final determination can be made. On remand, the ALJ shall reconsider Plaintiff's testimony, and either credit it or provide germane reasons for rejecting it.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: November 26, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge